# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| RICHARD E. MILLER, JR., <br><br> Plaintiff, <br><br> vs. <br><br> JANA HACKER, JOEL KOSINSKI, ROBIN BAGBY, WARDEN SMITH, STEVE JENKINS, BALDWIN, WARDEN MCKINNEY, <br><br> Defendants. | No. C14-3077-MWB <br><br> **ORDER** |

The matter before the court is the plaintiff's motion to dismiss (docket no. 10). The plaintiff filed such motion on June 15, 2015. Previously, the court directed the plaintiff to submit a partial payment of the filing fee, made several observations regarding the merits of the plaintiff's complaint and noted the following:

> In the event that the plaintiff no longer desires to pursue this action after considering his medical needs and the medical treatment that he is being provided, he may notify the court that he no longer desires to sue the named defendants. In response to such notice, the court will dismiss without prejudice the plaintiff's action and instruct the institution having custody of the plaintiff to no longer collect the remaining portion of the filing fee. The plaintiff's notice, if any, must be filed prior to the court's initial review under 28 U.S.C. § 1915.

In response, the plaintiff submitted $21.71, and the institution having custody of the plaintiff subsequently collected a monthly payment of $16.48. In his motion to dismiss, the plaintiff requests that the court dismiss without prejudice his action, instruct the

institution having custody of the plaintiff to no longer collect the remaining portion of the filing fee and direct the clerk's office to reimburse the $21.71 that he has already paid.

In light of the record, the plaintiff's motion to dismiss is granted. The clerk's office is directed to dismiss without prejudice the plaintiff's action. The court declines to direct the clerk's office to reimburse the initial partial payment of $21.71 because he commenced the instant action the moment he submitted his complaint and, therefore, became responsible for paying the entire $350.00 filing fee. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). Nonetheless, consistent with the court's prior order, the clerk's office is directed to return the overpayment of $16.48 and to notify the institution having custody of the plaintiff to no longer collect the remaining portion of the filing fee by sending it a copy of this order.

**IT IS SO ORDERED.**

**DATED** this 31st day of August, 2015.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA